**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWIN JAMES CHAMBERS, <br><br> Plaintiff, <br><br> v. <br><br> DR. R. SCHARFFENBERG, <br><br> Defendant. | Case No.: 1:18-cv-00270-SAB (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF <br><br> [ECF No. 9] |

Plaintiff Edwin James Chambers is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed March 28, 2018.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

In the summer of 2009, Plaintiff tripped and fell while jogging landing head first into a cement table. Plaintiff was knocked unconscious and was taken to the medical unit. Plaintiff was provided an x-ray which showed mild to moderate damage.

Plaintiff complained of excruciating pain for approximately four years before he was provided an MRI. On or about October 21, 2013, after the MRI Plaintiff was given Morphine 30 milligrams twice a day.

On or about October 13, 2014, Plaintiff was seen by Doctor Senegor, a neurosurgeon who increased the Morphine to 30 milligrams three times a day.

On or about June 25, 2015, Plaintiff was taken off the pain medication. On or about June 28, 2015, Plaintiff fell down a flight of stairs from the third floor to the second floor. Thereafter, Plaintiff was put back on pain medication for eight days.

On or about August 24, 2015, Plaintiff was put back on Morphine 15 milligrams twice a day for sixty days.

On or about September 22, 2015, Plaintiff was improperly taken off all the pain medications by Doctor Zahed Ahmed.

On or about January 31, 2017, Plaintiff arrived at California Substance Abuse and Treatment Facility and State Prison Corcoran (SATF).

On or about February 7, 2017, Plaintiff submitted a health care services request form complaining that he was suffering excruciating pain in his neck. Plaintiff was seen by Doctor R. Scharffenberg who refused to provide any pain medication. Plaintiff suffered pain for six months thereafter while awaiting examination by a neurosurgeon.

On or about August 10, 2017, Plaintiff was seen by the neurosurgeon who determined that Plaintiff was in need of emergency surgery.

On or about September 1, 2017, Plaintiff was seen by the medical doctor who recommended emergency surgery and was placed on Gabapentin for pain management.

On or about October 31, 2017, Plaintiff received neck surgery and was placed on Morphine 30 milligrams for pain management.

On or about December 20, 2017, Plaintiff was taken off Morphine and put back on a low dose of Gabapentin.

On or about August 1, 2017, Plaintiff submitted an inmate appeal complaining that the MRI taken by SATF medical on or about February 22, 2017 was in conflict with the MRI taken on or about October 7, 2014.

Medical staff refused to provide Plaintiff with any pain management until Plaintiff filed an inmate appeal complaining that the MRI reports contradicted one another.

Plaintiff is still having pain in his neck, and the mediation that he was placed on has little effect on his severe pain.

On or about January 16, 2018, Plaintiff submitted a health care services request form complaining that he was still having severe neck pain, but he was not seen by the doctor.

///

On or about February 20, 2018, Plaintiff submitted a follow-up health care services request form. Defendant knew through Plaintiff's MRI report that he was suffering excruciating pain but chose not to provide Morphine for pain management.

## III.

## DISCUSSION

### A.     Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122-23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

4

Plaintiff fails to state a cognizable claim for deliberate indifference against Doctors Zahed Ahmed and R. Scharffenberg. Plaintiff contends that his pain medication was stopped on September 22, 2015, by Doctor Zahed Ahmed. (Am. Compl. at 4.)[1] Plaintiff's mere allegation that Doctor Ahmed discontinued his pain medication on September 22, 2015, demonstrates only a difference of opinion between himself and Dr. Ahmed and/or a difference of opinion among medical professionals. However, a mere difference of opinion regarding the appropriate treatment and pain medication is insufficient to give rise to a constitutional claim. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004). Further, Plaintiff's vague and conclusory claim, without factual support, that Dr. Ahmed's actions were done in deliberate indifference to Plaintiff's need for emergency surgery is also insufficient to give rise to a claim that the treatment "was medically unacceptable under the circumstances," and was chosen "in conscious disregard of an excessive risk to [plaintiff's] health." Id.

When Plaintiff was transferred to SATF in January 2017, he was seen by Doctor R. Scharffenberg on February 7, 2017, and he was not provided with any pain management. (Am. Compl. at 5.) The mere fact that Doctor Scharffenberg did not provide Plaintiff with pain medication, alone, is insufficient to give rise to a constitutional violation. Further, Plaintiff's allegations demonstrate that he was provided with an MRI on February 22, 2017, just 15 days after he was seen by Doctor R. Scharffenberg. (Am. Compl. at 5.) Plaintiff's mere contention that Doctor Scharffenberg failed to provide pain medication, alone, does not demonstrate deliberate indifference. Further, the mere fact that six months after he was seen by Doctor Scharffenberg he was in need of surgery, does not support an inference that Doctor Scharrfenberg was deliberate indifferent by simply failing to provide pain medication. Thus, based on the factual allegations alleged, the Court cannot find that Doctor Scharffenberg was deliberately indifferent to Plaintiff's medical needs. Accordingly, Plaintiff fails to state a cognizable claim for relief.

///

---

[1] References herein to page numbers are to the Court's ECF pagination headers.

# IV.

# CONCLUSION AND RECOMMENDATION

Plaintiff's first amended complaint fails to state a cognizable claim for relief. Plaintiff was previously notified of the applicable legal standards and the deficiencies in his pleading, and despite guidance from the Court, Plaintiff's first amended complaint is largely identical to the original complaint. Based upon the allegations in Plaintiff's original and first amended complaint, the Court is persuaded that Plaintiff is unable to allege any additional facts that would support a claim for a due process violation or access to the court, and further amendment would be futile. See Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.") Based on the nature of the deficiencies at issue, the Court finds that further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th. Cir. 2000); Noll v. Carlson, 809 F.2d 1446-1449 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to state a cognizable claim for relief; and
2. The Clerk of the Court is directed to randomly assign a District Judge to this case.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 6, 2018**

UNITED STATES MAGISTRATE JUDGE